**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ENEYDA ROMERO MOLINA, | : | CRIMINAL NO. |
| Movant, | : | 1:08-CR-0457-CAP-GGB-7 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2666-CAP-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Eneyda Romero Molina, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 222]. Presently before the Court for consideration are: Movant's § 2255 motion to vacate [Doc. 222]; and the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 240].

I. Background

On or about November 12, 2008, a grand jury sitting in the Northern District of Georgia returned an indictment against Movant and others, charging Movant with Conspiring to Possess Cocaine and Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C. § 846, 841 (Count One); Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c) (Count Four); Being an Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C.

§ 922(g) (Count Six); and Conspiring to Launder Money, in violation of 18 U.S.C. § 1956 (Count Seven).  [Doc. 1].

On April 23, 2009, Movant entered a negotiated plea of guilty to Counts One and Four of the Indictment.  [Doc. 100-1]. Movant entered into a written plea agreement with the Government, in which Movant acknowledged that the sentence for the 924(c) violation was required to be served "consecutive[ly] to all other terms of imprisonment[.]"  [Id. at 3].  In addition, Movant waived her right to appeal or collaterally attack her sentence in the plea agreement.  [Id. at 8].  However, Movant reserved the right to appeal her sentence if she received a sentence higher than the otherwise applicable advisory sentencing guideline range.  [Id.].  Movant also reserved her right to appeal if the Government appealed the sentence.  [Id.].

On September 9, 2009, the Court sentenced Movant to a total term of 181 months of imprisonment, five years of supervised release, and a $100 special assessment. [Docs. 136-37].  Specifically, Movant was sentenced to 121 months on Count One, and 60 months on Count Four, to run consecutively.  [Doc. 137].

On September 15, 2009, Movant filed a timely notice of appeal.  [Doc. 149]. However, on February 17, 2010, Movant's attorney filed a Motion to Withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  [Doc. 240, Ex. A].  In his

2

motion, counsel identified six areas that might arguably be subject to appellate review, but explained why none of those issues would be meritorious. [Id.]. On May 20, 2010, the United States Court of Appeals for the Eleventh Circuit granted counsel's motion to withdraw and affirmed Movant's convictions and sentences. [Gov.'t Ex. B].

On August 16, 2010, Movant filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. [Doc. 222]. In her motion, Movant raises one ground for relief: that the Court erred in running her sentence on Count Four consecutively to her sentence on Count One. [Id.].

II.     Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."

3

United States v. Frady, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding her claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

    A. Movant Waived Her Right to Collaterally Attack Her Sentence.

The Government contends that the claim raised by Movant in her § 2255 motion should not be entertained by the Court because Movant, pursuant to the negotiated plea agreement, waived the right to collaterally attack her sentence. The waiver signed by Movant states:

4

## WAIVER OF APPEAL AND COLLATERAL ATTACK

> 17 . To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may file a cross-appeal regarding her sentence.

[Doc. 101 at 8, ¶17].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001), cert. denied, 536 U.S. 961 (2002); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" Bushert, 997 F.2d at 1350 (quoting United States v. Rutan, 956 F.2d 827, 830 (8th Cir. 1992)). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11

5

[plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

In the case at bar, Movant acknowledged at the plea hearing that she had reviewed the plea agreement with her attorney, understood that the agreement provided her intention to plead guilty, signed it, and had no questions for the Court. [Doc. 170, Plea Hr'g Trans. at 2, 12-13, 16, 22]. In addition, the Court addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: Also under certain circumstances, or most circumstances, you and the government would have the right to appeal any sentence that I impose, but in your plea agreement you are giving up your right to appeal with the exceptions noted. You will not be able to appeal and you'll be bound by the Judge's decision. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Also you are waiving your right to ever collaterally attack your sentence later in any kind of post conviction proceeding such as a habeas corpus. Do you understand that?
> THE DEFENDANT: Yes.

[Doc. 170, Plea Hr'g Trans. at 21].

Here, it is clear from the record that Movant knowingly and voluntarily waived her right to appeal and collaterally challenge her sentence. Movant specifically acknowledged by signing the appeal waiver that she understood and agreed to waive her appeal rights voluntarily notwithstanding the Court's determination of her

6

ultimate sentence. [Doc. 101-1]. Further, the Court explained to Movant during the plea colloquy that she was waiving her right to ever collaterally attack her sentence by signing the appeal waiver, and Movant indicated that she understood that she had waived that right. [Doc. 170, Plea Hr'g Trans. at 21]; see United States v. Stevenson, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). Moreover, the Court specifically found at the plea hearing that Movant's waiver was made knowingly and voluntarily. [Id. at 24]. Thus, Movant's waiver is valid.

### B. Movant's Ground For Relief is Without Merit.

Furthermore, Movant's one ground for relief is without merit. Movant contends that the Court erred when it ran her sentence on Count Four consecutively to her sentence on Count One. More specifically, Movant argues that, under the "except" clause of 18 U.S.C. § 924(c), her minimum-guideline-range sentence of 121 months' imprisonment on Count One precluded her consecutive 60-month sentence on Count Four.

The "except" clause of § 924(c) states that:

7

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A).

The Supreme Court has held that Congress meant the "except" clause to provide that, "if another provision of the United States Code mandates a punishment for using, carrying, or possessing a firearm in connection with a drug trafficking crime or crime of violence, and that minimum sentence is longer than the punishment applicable under § 924(c), then the longer sentence applies." Abbott v. United States, 131 S. Ct. 18, 29 (2010) (internal quotation marks and alteration omitted); United States v. Segarra, 582 F.3d 1269, 1272–73 (11th Cir. 2009) (affirming consecutive sentences for convictions under §§ 841 and 924(c)), cert. denied, 131 S. Ct. 633 (2010); see also United States v. Martinez-Dempwolf, 416 F. App'x 33, 35 (11th Cir. 2011) (same).

Movant's argument is foreclosed by the Supreme Court's holding in Abbott.

The fact that a sentencing guidelines range that exceeded five years applied to the drug offense for which Movant was also being sentenced did not preclude the imposition of the five-year minimum sentence for the firearm offense. See Martinez-Dempwolf, 416 F. App'x at 35. Accordingly, Movant's claim is also without merit.

IV.   Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived her right to collaterally attack her sentence, and her one ground for relief is otherwise without merit. Accordingly, **I RECOMMEND**

AO 72A
(Rev.8/82)

that a certificate of appealability be **DENIED**.

V. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Eneyda Romero Molina's motion to vacate sentence [Doc. 222] be **DENIED**, and that she be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 8th day of August, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)